THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Maverick
 Deasman, Appellant.
 
 
 

Appeal From Richland County
 G. Thomas Cooper, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2009-UP-324
Submitted June 1, 2009  Filed June 15,
 2009  
AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of Columbia, for Appellant
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Julie M. 
 Thames, and Solicitor Warren Blair Giese, all of Columbia, for
 Respondent.
 
 
 

PER CURIAM: 
 Maverick Deasman appeals his conviction and sentence for first-degree robbery
 arguing the trial court erred in refusing
 to grant a mistrial after the prosecution cross-examined him over his
 post-arrest silence.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  Brecht v.
 Abrahamson, 507 U.S. 619, 628 (1993) (use of post-arrest silence for
 impeachment purposes is allowed when no Miranda warnings are given); Fletcher
 v. Weir, 455 U.S. 603, 607 (1982) ("In the absence of the sort of
 affirmative assurances embodied in the Miranda warnings, we do not
 believe that it violates due process of law for a State to permit
 cross-examination as to post[-]arrest silence when a defendant chooses to take
 the stand."); Doyle v. Ohio, 426 U.S. 610, 619 (1976) (holding use
 of a defendant's silence at the time of arrest and after receiving Miranda warnings violates the Due Process Clause of the Fourteenth Amendment); Brown
 v. State, 375 S.C. 464, 480, 652 S.E.2d 765, 773-74 (Ct. App. 2007)
 (holding PCR applicant failed to prove Doyle violation where no evidence
 showed he had been given Miranda warnings);  State v. Bell, 347
 S.C. 267, 271, 554 S.E.2d 435, 437 (Ct. App. 2001) (recognizing where there is
 no evidence in the record of a defendant having received Miranda warnings, there will be no presumption the warnings were given at the time of
 arrest).
AFFIRMED.
HUFF,
 PIEPER and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.